ROBERTS, Justice,
with whom CARTER, Justice, joins, concurring.
I join in the majority opinion. I wish to express separately, however, my view of the nature of the problem we confront in this case. To me, this case symbolizes the disparate manner in which juvenile cases are prosecuted despite the teachings of In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) and In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).
Mere suspicion of a bad purpose would not here support any conviction beyond criminal trespass. No prosecutor would present to a jury an adult case so totally devoid of circumstances relating to the intent to commit a specific crime inside the structure. 17-A M.R.S.A. § 401(1). No judge would accept a plea of guilty from an adult defendant without some inquiry into the specific crime the defendant intended to commit. Yet here we have an example of a prosecutor so casual in his presentation of the juvenile offense of burglary that we are left to speculate whether the juvenile’s purpose was theft, arson, vandalism, surreptitious use of drugs, or aberrant sexual conduct.
Common sense suggests that the juvenile was up to no good and probably intended to steal something. I do not believe, however, that the evidence of intent in this case meets the test of proof beyond a reasonable doubt. In re Winship, supra.